IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| RONALD MOORE as son, next of kin and Administrator Ad Litem/Personal Representative of the Estate of DONALD MOORE, SR., Deceased; GINA WALDROP as daughter and next of kin of DONALD MOORE, SR., Deceased; and DONALD MOORE, JR., as son and next of kin of DONALD MOORE, SR., Deceased,<br><br>      Plaintiffs,<br><br>v.<br><br>CITY OF MEMPHIS, TONEY ARMSTRONG, Individually and in his Official Capacity as the Police Director of the Memphis Police Department, OFFICER PHILLIP PENNY, Individually and in his Official Capacity as a Police Officer with the Memphis Police Department, MAJOR CHARLES MORRIS, Individually and in his Official Capacity as a TACT Unit Commander of the Memphis Police Department,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Docket No. 2:14-cv-2089<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

ANSWER TO COMPLAINT BY DEFENDANT OFFICER PHILLIP PENNY

---

Comes now Defendant Officer Phillip Penny, individually and through Counsel, and responds to the Complaint filed in this cause as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and Defendant Officer Penny moves that it be dismissed forthwith;

SECOND DEFENSE

Defendant Officer Penny affirmatively pleads all applicable federal and state statutes of limitations;

### THIRD DEFENSE

Plaintiffs' claims are barred under the doctrine of laches, waiver, estoppel, and the doctrine of unclean hands;

### FOURTH DEFENSE

Defendant Officer Penny contends Plaintiffs are not entitled to any recovery. However, even under all of the facts and circumstances set forth in the Plaintiffs' Complaint, recovery by Plaintiffs against any of the Defendants would be limited to nominal damages;

### FIFTH DEFENSE

Defendant Officer Penny is immune under the Tennessee Governmental Liability Act, T.C.A. § 29-20-101, *et seq.*;

### SIXTH DEFENSE

Donald Moore's own conduct constituted the sole proximate cause of any injuries allegedly sustained and of any damages allegedly resulting therefrom, and as a result Plaintiffs are barred from recovery;

### SEVENTH DEFENSE

Neither Plaintiffs' nor Donald Moore's constitutional rights were violated;

### EIGHTH DEFENSE

Defendant Officer Penny is immune under the Tennessee Governmental Liability Act, T.C.A. § 29-20-1-101, *et seq.*;

### NINTH DEFENSE

Defendant Officer Penny invokes the defense of Qualified Immunity in that at all times this Defendant's actions:

a. were taken within the course and scope of employment;

b. were taken in good faith and with reasonable and probable cause under the circumstances;

c. were in accordance with those of an objectively reasonable officer charged with the duty to protect himself, fellow officers, and the public; and

d. were taken pursuant to and in accordance with the Constitution and laws of the United States and the State of Tennessee.

Defendant prays that Plaintiffs be compelled to file a Rule 7 FRCP reply to the above and foregoing affirmative matters averring "specific non-conclusory factual allegations" that establish in particularized detail improper motive, and that there exists a triable issue of improper motive on the part of Defendant. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998);

## TENTH DEFENSE

The Plaintiffs did not suffer any damages for which they are entitled to relief.

## ANSWER

Without waiving any affirmative defenses, Defendant Officer Penny would address the specific allegations set out in the Complaint as follows:

## INTRODUCTION

Defendant admits that Plaintiffs have filed their action under the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 and the Tennessee Governmental Tort Liability statutes, Tenn. Code Ann. § 29-20-101, et seq., however Defendant

denies that Plaintiffs have stated any such causes of action against him in his individual capacity or that he is liable to Plaintiffs. Any remaining allegations are denied.

All other allegations as set forth in the introductory paragraph of Plaintiffs' Complaint are denied.

## I. PARTIES

1. Defendant denies that Donald Moore, Sr. was wrongfully killed by Defendants. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 1 of Plaintiffs' Complaint and therefore such allegations are denied.

2. Defendant denies that Donald Moore, Sr. was wrongfully killed by Defendants. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 2 of Plaintiffs' Complaint and therefore such allegations are denied.

3. Defendant denies that Donald Moore, Sr. was wrongfully killed by Defendants. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 3 of Plaintiffs' Complaint and therefore such allegations are denied.

4. Paragraph 4 of Plaintiffs' Complaint requires no response from Defendant.

5. The allegations as set forth in Paragraph 5 of Plaintiffs' Complaint are not directed towards this Defendant and therefore no response from this Defendant is required. To the extent that such a response is required, Defendant lacks sufficient knowledge or information to either

admit or deny the allegations set forth in Paragraph 5 of Plaintiffs' Complaint and therefore such allegations are denied.

6. The allegations as set forth in Paragraph 6 of Plaintiffs' Complaint are not directed towards this Defendant and therefore no response from this Defendant is required. To the extent that that such a response is required, Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 6 of Plaintiffs' Complaint and therefore such allegation are denied.

7. Defendant Officer Penny admits that at all times pertinent hereto he was an employee and officer with the MPD, acting under the color of law and within the course and scope of his employment with the MPD and that he has been named in both his individual and official capacities. Any remaining allegations are denied.

8. The allegations as set forth in Paragraph 8 of Plaintiffs' Complaint are not directed towards this Defendant and therefore no response from this Defendant is required. To the extent that such a response is required, Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 8 of Plaintiffs' Complaint and therefore such allegations are denied.

## II. JURISDICTION AND VENUE

9. Defendant admits that this Court would have jurisdiction as alleged in Paragraph 9 of Plaintiffs' Complaint, however Defendant denies Plaintiffs have any such claims against him in his individual capacity. Any remaining allegations set forth in Paragraph 9 of Plaintiffs' Complaint are denied.

10. Defendant admits that venue would be appropriate in this jurisdictional district as alleged in Paragraph 10 of Plaintiffs' Complaint, however Defendant denies Plaintiffs have any such claims against him in his individual capacity. Any remaining allegations as set forth in Paragraph 10 of Plaintiffs' Complaint are denied.

### III. SUMMARY OF ALLEGATIONS

11. Defendant admits that January 11, 2013, Donald Moore, Sr. was shot and killed by a TACT Unit officer with the MPD, that there were approximately nine other TACT Unit officers on the scene for the purpose of executing a search warrant on Mr. Moore. Defendant submits that the terms and purposes contained within that search warrant speak for themselves. Defendant admits that flash bangs were utilized, that it was dark, that officers were in full TACT Unit gear and weapons, that Mr. Moore ran to a bedroom, and that the search warrant was unrelated to weapons or drugs. Any remaining allegations as set forth in Paragraph 11 of Plaintiffs' Complaint are denied.

### IV. FACTS

12. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 12 of Plaintiffs' Complaint and therefore such allegations are denied.

13. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 13 of Plaintiffs' Complaint and therefore such allegations are denied.

14. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 14 of Plaintiffs' Complaint and therefore such allegations are denied.

15. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 15 of Plaintiffs' Complaint and therefore such allegations are denied.

16. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 16 of Plaintiffs' Complaint and therefore such allegations are denied.

17. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 17 of Plaintiffs' Complaint and therefore such allegations are denied.

18. Upon information and belief, Defendant admits that MPD were advised that Mr. Moore was possibly armed with a weapon. The remaining allegations as set forth in Paragraph 18 of Plaintiffs' Complaint are denied.

19. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 19 of Plaintiffs' Complaint and therefore such allegations are denied.

20. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 20 of Plaintiffs' Complaint and therefore such allegations are denied.

21. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 21 of Plaintiffs' Complaint and therefore such allegations are denied.

22. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 22 of Plaintiffs' Complaint and therefore such allegations are denied.

23. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 23 of Plaintiffs' Complaint and therefore such allegations are denied.

24. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 24 of Plaintiffs' Complaint and therefore such allegations are denied.

25. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 25 of Plaintiffs' Complaint and therefore such allegations are denied.

26. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 26 of Plaintiffs' Complaint and therefore such allegations are denied.

27. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 27 of Plaintiffs' Complaint and therefore such allegations are denied.

28. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 28 of Plaintiffs' Complaint and therefore such allegations are denied.

29. Defendant admits that Lieutenant Earnest Greenleaf advised the TACT Unit to meet at the MPD, Appling Farms Station for information. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 29 of Plaintiffs' Complaint and therefore such allegations are denied.

30. Defendant admits that Ms. Lynch advised them of Mr. Moore's alleged violations, and that he was potentially unstable and probably dangerous, armed with a weapon. Defendant is unsure as to whether Lt. Colonel Worthy was ever at the scene. Defendant admits that he and fellow TACT officers went to the scene, that he did not contact any of Mr. Moore's children and that he did not enlist the assistance of crisis intervention officers. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 30 of Plaintiffs' Complaint and therefore such allegations are denied.

31. Defendant admits that the TACT Unit executed the search warrant in compliance with the MPD Policy and Procedure as well as the S.O.P. for the TACT Unit. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 31 of Plaintiffs' Complaint and therefore such allegations are denied.

32. Upon information and belief, the allegations as set forth in Paragraph 32 of Plaintiffs' Complaint are admitted.

33. Defendant admits that approximately 9-10 TACT Unit officers made the scene in an unmarked armored truck, as well as other vehicles, wearing TACT uniforms.

34. The allegations as set forth in Paragraph 34 of Plaintiffs' Complaint are denied.

35. Defendant admits that when the TACT Unit arrived on the scene, Officer Clemons performed a "break and rake" on the front window of Mr. Moore's house. Upon information and belief, Officer Clemons observed Mr. Moore run through the house with a handgun in his hand. Defendant also admits that several flash bangs were deployed during the event in question. The remaining allegations as set forth in Paragraph 35 of Plaintiffs' Complaint are denied.

36. Defendant admits that Mr. Moore ran to a bedroom. Defendant denies that the officers refused or failed to take any action to deescalate the situation. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations as set forth in Paragraph 36 of Plaintiffs' Complaint, and therefore such allegations are denied.

37. Defendant admits that Officer Butler threw two (2) flash bangs into the bedroom prior to officers' entry. Defendant denies the remaining allegations as set forth in Paragraph 37 of Plaintiffs' Complaint.

38. The allegations set forth in Paragraph 39 of Plaintiffs' Complaint are denied.

39. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations as set forth in Paragraph 39 of Plaintiffs' Complaint and therefore such allegations are denied.

40. Defendant admits that Mr. Moore died as a result of gunshot wounds that occurred during the incident in question. Defendant denies the remaining allegations set forth in Paragraph 40 of Plaintiffs' Complaint.

41. The allegations as set forth in Paragraph 41 of Plaintiffs' Complaint are denied.

42. Defendant admits that at all times relevant the conduct of the TACT officers were in compliance with the MPD Policies and Procedures as well as the TACT Unit S.O.P. The remaining allegations as set forth in Paragraph 42 of Plaintiffs' Complaint are denied.

43. Defendant admits that at all times relevant to this claim, he and other officers involved in the incident in question were acting as a law enforcement officers under the color of law. Any remaining allegations as set forth in Paragraph 43 of Plaintiffs' Complaint are denied.

44. The allegations as set forth in Paragraph 44 of Plaintiffs' Complaint are denied.

45. The allegations as set forth in Paragraph 45 of Plaintiffs' Complaint are denied.

46. The allegations as set forth in Paragraph 46 of Plaintiffs' Complaint are denied.

47. The allegations as set forth in Paragraph 47 of Plaintiffs' Complaint are denied.

48. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 48 of Plaintiffs' Complaint and therefore such allegations are denied.

49. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 49 of Plaintiffs' Complaint and therefore such allegations are denied.

50. The allegations as set forth in Paragraph 50 of Plaintiffs' Complaint are denied.

51. The allegations as set forth in Paragraph 51 of Plaintiffs' Complaint are denied.

52. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 52 of Plaintiffs' Complaint and therefore such allegations are denied.

53. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 53 of Plaintiffs' Complaint and therefore such allegations are denied.

54. The allegations as set forth in Paragraph 54 of Plaintiffs' Complaint are denied.

55. The allegations as set forth in Paragraph 55 of Plaintiffs' Complaint are denied.

56. Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 49 of Plaintiffs' Complaint and therefore such allegations are denied.

57. The allegations as set forth in Paragraph 57 of Plaintiffs' Complaint are denied.

58. The allegations as set forth in Paragraph 58 of Plaintiffs' Complaint are denied.

59. The allegations as set forth in Paragraph 59 of Plaintiffs' Complaint are denied.

60. The allegations as set forth in Paragraph 60 of Plaintiffs' Complaint are denied.

61. The allegations as set forth in Paragraph 61 of Plaintiffs' Complaint are denied.

V. CIVIL RIGHTS VIOLATIONS AGAINST ALL DEFENDANTS

62. To the extent that paragraphs 1-62 have previously been admitted or denied, said answers are hereby incorporated by reference.

63. The allegations as set forth in Paragraph 63 of Plaintiffs' Complaint are denied.

64. The allegations as set forth in Paragraph 64 of Plaintiffs' Complaint are denied.

65. The allegations as set forth in Paragraph 65 of Plaintiffs' Complaint are denied.

66. The allegations as set forth in Paragraph 66 of Plaintiffs' Complaint are denied.

67. The allegations as set forth in Paragraph 67 of Plaintiffs' Complaint are denied.

68. The allegations as set forth in Paragraph 68 of Plaintiffs' Complaint are denied.

69. The allegations as set forth in Paragraph 69 of Plaintiffs' Complaint are denied.

70. The allegations as set forth in Paragraph 70 of Plaintiffs' Complaint are denied.

71. The allegations as set forth in Paragraph 71 of Plaintiffs' Complaint are denied.

72. The allegations as set forth in Paragraph 72 of Plaintiffs' Complaint are denied.

73. The allegations as set forth in Paragraph 73 of Plaintiffs' Complaint are denied.

74. The allegations as set forth in Paragraph 74 of Plaintiffs' Complaint are denied.

75. The allegations as set forth in Paragraph 75 of Plaintiffs' Complaint are denied.

76. The allegations as set forth in Paragraph 76 of Plaintiffs' Complaint are denied.

77. The allegations as set forth in Paragraph 77 of Plaintiffs' Complaint are denied.

78. The allegations as set forth in Paragraph 78 of Plaintiffs' Complaint are denied.

79. The allegations as set forth in Paragraph 79 of Plaintiffs' Complaint are denied.

80. The allegations as set forth in Paragraph 80 of Plaintiffs' Complaint are denied.

81. Defendant admits that it was determined that he had acted appropriately and in compliance with the Policies and Procedures of the MPD and S.O.P. for the TACT Unit. The remaining allegations as set forth in Paragraph 81 of Plaintiffs' Complaint are denied.

82. Defendant admits that he was previously involved in an incident in which he was charged with the use of excessive force. Defendant admits that he was terminated as a result and was subsequently reinstated. The remaining allegations as set forth in Paragraph 82 are denied.

83. The allegations as set forth in Paragraph 83 of Plaintiffs' Complaint are denied.

84. The allegations as set forth in Paragraph 84 of Plaintiffs' Complaint are denied.

85. The allegations as set forth in Paragraph 85 of Plaintiffs' Complaint are denied.

86. The allegations as set forth in Paragraph 86 (a-e) of Plaintiffs' Complaint are denied.

87. The allegations as set forth in Paragraph 87 of Plaintiffs' Complaint are denied.

88. The allegations as set forth in Paragraph 88 (a-h) of Plaintiffs' Complaint are denied.

89. The allegations as set forth in Paragraph 89 of Plaintiffs' Complaint are denied.

## VI. STATE LAW CLAIMS

90. To the extent that paragraphs 1-90 have previously been admitted or denied, said answers are hereby incorporated by reference.

91. The allegations as set forth in Paragraph 91 of Plaintiffs' Complaint are not directed towards this Defendant and therefore no response from this Defendant is required. To the extent that such a response is required, Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 91 of Plaintiffs' Complaint and therefore such allegations are denied.

92. The allegations as set forth in Paragraph 98 of Plaintiffs' Complaint are not directed towards this Defendant and therefore no response from this Defendant is required. To the extent that such a response is required, upon information and belief, the allegations as set forth in Paragraph 92 of Plaintiffs' Complaint are admitted.

93. The allegations as set forth in Paragraph 8 of Plaintiffs' Complaint are not directed towards this Defendant and therefore no response from this Defendant is required. To the extent that such a response is required, Defendant lacks sufficient knowledge or information to either

admit or deny the allegations set forth in Paragraph 93 of Plaintiffs' Complaint and therefore such allegations are denied.

94. The allegations as set forth in Paragraph 8 of Plaintiffs' Complaint are not directed towards this Defendant and therefore no response from this Defendant is required. To the extent that such a response is required, Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 93 of Plaintiffs' Complaint and therefore such allegations are denied.

95. The allegations as set forth in Paragraph 8 of Plaintiffs' Complaint are not directed towards this Defendant and therefore no response from this Defendant is required. To the extent that such a response is required, Defendant lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 93 of Plaintiffs' Complaint and therefore such allegations are denied.

96. The allegations as set forth in Paragraph 8 of Plaintiffs' Complaint are not directed towards this Defendant and therefore no response from this Defendant is required. To the extent that such a response is required, the allegations set forth in Paragraph 93 of Plaintiffs' Complaint are denied.

97. The allegations as set forth in Paragraph 97 of Plaintiffs' Complaint are denied.

98. The allegations as set forth in Paragraph 98 of Plaintiffs' Complaint are denied.

99. The allegations as set forth in Paragraph 99 of Plaintiffs' Complaint are denied.

100. Defendant admits that he was at all times relevant an employee of the MPD and

acting within the course and scope of his employment. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations as set forth in Paragraph 100 of Plaintiffs' Complaint and therefore such allegations are denied.

101. The allegations as set forth in Paragraph 101 of Plaintiffs' Complaint are denied.

102. The allegations as set forth in Paragraph 102 (a-g) of Plaintiffs' Complaint are denied.

103. Defendant admits that the TACT Unit is an elite unit, specially trained to respond to various emergency situations and is responsible for handling situations, including but not limited to, barricade situations, hostage situations, counter terrorism, high risk felony apprehensions and high risk warrants. Any remaining allegations as set forth in Paragraph 103 of Plaintiff's Complaint are denied.

104. The allegations as set forth in Paragraph 104 of Plaintiffs' Complaint are denied.

105. The allegations as set forth in Paragraph 105 of Plaintiffs' Complaint are denied.

106. The allegations as set forth in Paragraph 106 of Plaintiffs' Complaint are denied.

107. The allegations as set forth in Paragraph 107 of Plaintiffs' Complaint are denied.

108. The allegations as set forth in Paragraph 108 of Plaintiffs' Complaint are denied.

109. The allegations as set forth in Paragraph 109 of Plaintiffs' Complaint are denied.

110. The allegations as set forth in Paragraph 110 of Plaintiffs' Complaint are denied.

111. The allegations as set forth in Paragraph 107 of Plaintiffs' Complaint are denied.

## VII. DAMAGES

112. To the extent that paragraphs 1-112 have previously been admitted or denied, said answers are hereby incorporated by reference.

113. The allegations as set forth in Paragraph 107(a-l) of Plaintiff's Complaint are denied.

### VIII. PUNITIVE DAMAGES

114. The allegations as set forth in Paragraph 1114 of Plaintiff's Complaint are denied.

115. The allegations as set forth in Paragraph 115 of Plaintiff's Complaint are denied.

116. Defendant Officer denies Plaintiffs are entitled to the relief as prayed for in Plaintiffs' Complaint or any relief whatsoever.

117. Any allegations not heretofore specifically admitted or denied, are hereby denied.

WHEREFORE, PREMISES CONSIDERED, the Defendant requests that:

1. Plaintiffs be compelled to file a Rule 7 FRCP reply to the above and foregoing affirmative matters of Qualified Immunity, averring "specific non-conclusory factual allegations" that establish in particularized detail improper motive, and that there exists a triable issue of improper motive on the part of Defendant. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998);

2. That this Court dismiss Plaintiffs' Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses.

3. That this Court deny Plaintiffs the relief prayed for in their requests for relief, and that Plaintiffs be denied any relief whatsoever; and

4. That in conjunction with the dismissal of Plaintiffs' Complaint with prejudice, Defendant be awarded and recover from Plaintiffs costs, attorney's fees and expenses in association with the defense of the instant civil action, on the ground that said Complaint is legally and factually unsupportable, and has been filed without substantial justification or without an arguable basis in law, and that such sanctions be imposed pursuant to Rule 11, FRCP, and

alternatively, that Defendant be awarded costs and attorney's fees pursuant to 42 U.S.C. § 1988, as this Court may deem appropriate.

s/ Betsy McKinney
BETSY MCKINNEY #21597
DEBORAH GODWIN #9972
Attorneys for Defendant Officers Penny and Morris
Godwin, Morris, Laurenzi & Bloomfield, P.C.
50 N. Front Street, Suite 800
Memphis, TN 38103
Telephone:     901-528-1702
bmckinney@gmlblaw.com
dgodwin@gmlblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing such system will serve a copy of the forgoing upon every CM/ECF registered party in this case.

I also hereby certify that there are no non-registered CM/ECF parties requiring service by other means.

s/ Betsy McKinney
BETSY MCKINNEY