IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RONALD MOORE as son, next of kin and Administrator Ad Litem/Personal Representative of the Estate of DONALD MOORE, SR., Deceased; GINA WALDROP as daughter and next of kin of DONALD MOORE, SR., Deceased; and DONALD MOORE, JR. as son and next of kin of DONALD MOORE, SR., Deceased, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF MEMPHIS, TONEY ARMSTRONG, Individually and in his official capacity as the Police Director of the Memphis Police Department; OFFICER PHILLIP PENNY (#), Individually and in his official capacity as a Police Officer with the Memphis Police Department; MAJOR CHARLES MORRIS, Individually and in his official capacity as a TACT Unit Commander of the Memphis Police Department, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 14-2089-STA-cgc |

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

Before the Court is Plaintiffs' Motion to Remand (D.E. # 15) filed on March 6, 2014. Defendants have filed a response in opposition to Plaintiffs' Motion (D.E. # 17), and Plaintiffs have filed a reply (D.E. # 25). For the reasons set forth below, Plaintiffs' Motion to Remand is

1

**GRANTED**.

## BACKGROUND

On January 3, 2014, Plaintiffs filed suit in Shelby County, Tennessee Circuit Court, alleging claims against Defendants for the violation of Donald Moore, Sr.'s civil rights under 42 U.S.C. § 1983 and the Tennessee Govermental Tort Liability Act ("TGLTA"). According to the Complaint, Memphis TACT squad officers served a search warrant at Mr. Moore's home on January 11, 2013. The warrant was issued in response to complaints made to the Memphis Animal Shelter about the treatment of Mr. Moore's rabbits and cats. Plaintiffs allege that Memphis police officers used flash bangs and forced entry into Mr. Moore's home. The officers pursued Mr. Moore into a bedroom, where he had retreated and attempted to call 911. One of the officers, Defendant Phillip Penney shot Mr. Moore multiple times at close range and killed him. (Compl. ¶ 9.)

On February 6, 2014, Defendants removed Plaintiffs' action to federal court pursuant to 28 U.S.C. § 1331 and 1343. Defendants argued in their notice of removal that this Court has original jurisdiction over Plaintiffs' claims for the deprivation of constitutional rights under color of law in violation of 42 U.S.C. § 1983. In their Motion to Remand, Plaintiffs request that the Court remand only their claims under the TGTLA. Plaintiffs note that Defendants failed to mention Plaintiffs' claims under the TGTLA, thereby waiving any objection to the remand of those claims to state court. Plaintiffs further argue that the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over claims arising under state law. Compelling reasons to decline to exercise supplemental jurisdiction exist in this case, namely the State of Tennessee's preference to have TGTLA claims heard in Tennessee circuit courts and without a jury. Plaintiffs argue that remand of the TGTLA claims only will not result in duplication or waste of judicial resources. The parties

can pursue the same discovery in both cases, and regardless of whether the TGTLA claim is heard in federal court or state circuit court, separate proceedings will be required to try the federal § 1983 claims before a jury and the TGTLA claims without a jury. Therefore, a partial remand of the TGTLA is appropriate.

Defendants have responded in opposition. According to Defendants, the only case supporting Plaintiffs' theory is the Sixth Circuit's decision in Gregory v. Shelby County, 220 F.3d 433 (6th Cir. 2000); none decision of the Tennessee state courts has held that a preference exists under state law to have TGTLA claims heard exclusively in circuit court. The statutory language simply grants the circuit courts, as opposed to, for example, the chancery courts, exclusive jurisdiction over TGTLA claims brought in the courts of the State of Tennessee. Defendants maintain that the Court continues to enjoy discretion over whether to exercise its supplemental jurisdiction over related state law claims. Defendants argues that judicial economy and convenience would be served by the Court exercising supplemental jurisdiction over the TGTLA claims in this case. Finally, Defendants point out that they have filed a Rule 12(b)(6) motion to dismiss the TGTLA claims under the TGTLA's exception for the denial of civil rights.

In their reply brief, Plaintiffs argue that the Court is bound, as it were, by Sixth Circuit precedent in *Gregory* and should decline to exercise supplemental jurisdiction. Plaintiffs highlight the number of cases from this District where the Court declined to exercise supplemental jurisdiction over claims under Tennessee law. Consistent with this body of authority, Plaintiffs request that the Court remand the TGTLA claims to Shelby County Circuit Court.

**STANDARD OF REVIEW**

The removal statute, found at 28 U.S.C. § 1441(b), provides that "[a]ny civil action of which

the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."[1] Furthermore, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[2] "With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise."[3] "[I]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims."[4] Still district courts may decline to exercise supplemental jurisdiction over a related claim if any of the following apply:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[5]

Even when one of these statutory conditions applies, the district court may nevertheless exercise supplemental jurisdiction over state law claims "if recommended by a careful consideration of

---

[1] 28 U.S.C. § 1441(b).

[2] 28. U.S.C. § 1367(a).

[3] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

[4] *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (*Campanella v. Commerce Exch. Bank,* 137 F.3d 885, 892 (6th Cir. 1998)).

[5] § 1367(c).

factors such as judicial economy, convenience, fairness, and comity."[6] The district court enjoys "broad discretion" in this regard.[7]

## ANALYSIS

The Court will exercise its discretion under 28 U.S.C. § 1367(c) and decline to take supplemental jurisdiction over Plaintiffs' TGTLA claim. First, the Court finds that Plaintiff's § 1983 claims and TGTLA claims "form part of the same case or controversy."[8] Both sets of claims arise from the shooting death of Plaintiffs' decedent in January 2013 and the conduct of the Memphis police officers who entered Mr. Moore's home and allegedly shot him while attempting to execute a search warrant. As a result, this Court holds that it has supplemental jurisdiction over Plaintiffs' TGTLA claims pursuant to 28 U.S.C. § 1367(a). Second, this case presents an exceptional circumstance in that there are other compelling reasons for declining jurisdiction under 28 U.S.C. § 1367(c)(3). Tenn. Code Ann. § 29–20–307 states that Tennessee "circuit courts shall have exclusive original jurisdiction over any action brought under [the TGTLA]."[9] As the Sixth Circuit held in *Gregory v. Shelby County*, "the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts" and "[t]his unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction" under § 1367(c)(3).[10]

---

[6] *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).

[7] *Phaneuf v. Collins*, 509 F. App'x 427, 434 (6th Cir. 2012) (citing *Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1254 (6th Cir. 1996)).

[8] 28. U.S.C. § 1367(a).

[9] Tenn.Code Ann. § 29–20–307.

[10] *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000).

5

Even so, the Court's jurisdictional analysis does not end just because one of the factors enumerated in § 1367(c) applies in this case. The presence of one of the § 1367(c) factors simply means that the Court is permitted (but not required) to exercise its broad discretion and decline to hear Plaintiffs' TGTLA claims.[11] The relevant statutory language is permissive, stating that "[t]he district courts *may* decline to exercise supplemental jurisdiction" under the specific circumstances defined in the paragraph.[12] The Court must balance a number of "factors such as judicial economy, convenience, fairness, and comity" to determine whether it would be a proper exercise of discretion to retain supplemental jurisdiction over the TGTLA claims. Additionally, the Sixth Circuit reviews a district court's determination about the exercise of supplemental jurisdiction under an abuse-of-discretion standard.[13] It follows that the presence of a compelling reason to decline jurisdiction does not require the Court to decline jurisdiction.

Nevertheless, based on its balancing of these factors, the Court declines to take supplemental jurisdiction over Plaintiffs' TGTLA claims. First and foremost, the Court finds that the comity factor strongly weighs in favor of declining jurisdiction due to Tennessee's "clear preference" to have TGTLA claims heard in Tennessee circuit courts. The comity doctrine "counsels lower federal

---

[11] *See Jenkins v. Hardeman Cnty.,Tenn.*, 13-2054, 2013 WL 5593048, at *8 (W.D. Tenn. Oct. 10, 2013) (declining to exercise supplemental jurisdiction and dismissing state law claims without prejudice); *Hullett v. DeKalb Cnty., Tenn.*, 2:11-0016, 2012 WL 398288 (M.D. Tenn. Feb. 7, 2012) (rejecting the defendants' argument that the district court lacked subject matter jurisdiction over TGTLA claims but declining to exercise supplemental jurisdiction any way); *King v. Anderson Cnty., Tenn.*, 3:10-CV-420, 2010 WL 4791889, at *3 (E.D. Tenn. Nov. 18, 2010) (granting the plaintiff's motion to remand and declining to exercise supplemental jurisdiction over TGTLA claims).

[12] 28 U.S.C. § 1367(c) (emphasis added).

[13] *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012).

courts to resist engagement in certain cases falling within their jurisdiction" out of "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways."[14] While this single factor is not dispositive of the question, the Court will avoid "needlessly deciding state law issues" by remanding the TGTLA to Tennessee state court.[15] As for the remaining factors, the Court finds that remand at this early stage of the proceedings will not thwart judicial economy or result in any unfairness or inconvenience to Defendants. Plaintiffs originally filed suit only four months ago in January 2014. The Court has not held a scheduling conference, and it does not appear that the parties have engaged in any discovery to date. It is true that Defendants have filed a Rule 12(b)(6) Motion, seeking in part dismissal of the TGTLA claims. However, the briefing on Defendants' Motion to Dismiss is not yet complete, and the Motion is not ripe for disposition. As such, remand will not needlessly delay the orderly progress of the case or force the parties to duplicate that which they have already done. Therefore, Plaintiffs' Motion to Remand the TGTLA claims is **GRANTED**.

    **IT IS SO ORDERED.**

                                                s/ S. Thomas Anderson
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date: May 13, 2014.

---

[14] *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010) (citation omitted).

[15] *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011).