IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| RONALD MOORE as son, next of kin and Administrator Ad Litem/Personal Representative of the Estate of DONALD MOORE, SR., Deceased; GINA WALDROP as daughter and next of kin of DONALD MOORE, SR., Deceased; and DONALD MOORE, JR. as son and next of kin of DONALD MOORE, SR., Deceased, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )       No. 14-2089-STA-cgc<br>) |
| CITY OF MEMPHIS, TONEY ARMSTRONG, Individually and in his official capacity as the Police Director of the Memphis Police Department; OFFICER PHILLIP PENNY (#), Individually and in his official capacity as a Police Officer with the Memphis Police Department; MAJOR CHARLES MORRIS, Individually and in his official capacity as a TACT Unit Commander of the Memphis Police Department, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

_____

**ORDER GRANTING IN PART, DENYING IN PART DEFENDANT TONEY ARMSTRONG'S MOTION TO DISMISS**

_____

Before the Court is Defendant Toney Armstrong's Motion to Dismiss (ECF No. 20) filed on March 21, 2014. Plaintiffs have filed a response in opposition to Defendant's Motion (ECF No. 34),

1

and Defendant has filed a reply brief (ECF No. 38). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED in part, DENIED as moot in part**.

## BACKGROUND

On January 3, 2014, Plaintiffs filed suit in Shelby County, Tennessee Circuit Court, alleging claims against Defendants under 42 U.S.C. § 1983 and the Tennessee Governmental Tort Liability Act ("TGLTA") for the violation of Donald Moore, Sr.'s civil rights. According to the Complaint, Memphis TACT squad officers served a search warrant at Mr. Moore's home on January 11, 2013. The warrant was issued in response to complaints made to the Memphis Animal Shelter about the treatment of Mr. Moore's rabbits and cats. Plaintiffs allege that Memphis police officers used flash bangs and forced entry into Mr. Moore's home. The officers pursued Mr. Moore into a bedroom, where he had retreated and attempted to call 911. One of the officers, Defendant Phillip Penny, shot Mr. Moore multiple times at close range and killed him. (Compl. ¶ 9.)

In his Motion to Dismiss, Defendant Toney Armstrong seeks the dismissal of all claims against him in his individual capacity.[1] Defendant argues that the Complaint fails to state any § 1983 claim against him in his individual capacity for the violation of Mr. Moore's constitutional rights. Plaintiffs have failed to allege that Armstrong was personally involved in any of the conduct, which allegedly resulted in Mr. Moore's death. Plaintiffs have not supported their allegation that Armstrong implicitly authorized or acquiesced in the police misconduct with specific facts. Armstrong argues in the alternative that he is entitled to qualified immunity because any

---

[1] Defendant City of Memphis has filed a separate motion to dismiss claims against Defendant Armstrong in his official capacity. The Court addresses those claims in a separate order.

constitutional right his alleged conduct may have violated was not clearly established.[2]  For these reasons the Court should dismiss the § 1983 claim against Armstrong in his individual capacity. Armstrong next requests that the Court exercise supplemental jurisdiction over Plaintiffs' negligence claim under Tennessee law and that the Court dismiss the count for failure to state a claim.[3] Armstrong contends that Plaintiffs' common law negligence claim against him is barred by the public duty doctrine and that the special duty exception does not apply.  As a result, the Complaint fails to state a common law negligence claim.  In the alternative, Armstrong argues that he is entitled to immunity from the claim under the TGTLA.  Finally, Armstrong moves for the dismissal of any claim against him for the violation of Mr. Moore's rights under the Tennessee Constitution.

In their response in opposition, Plaintiffs argue that their pleadings have stated plausible claims against Defendant Armstrong in his individual capacity.  In support of their § 1983 claim against Armstrong, Plaintiffs argue that Armstrong implicitly authorized, approved, and knowingly acquiesced in the conduct of the officers who shot Mr. Moore.  Plaintiffs cite their allegations about Armstrong's decision to hire and retain the officers and failure to supervise and take disciplinary action against them.  The Complaint also alleges that Armstrong failed to train the officers on the use of deadly force even after several incidents leading up to Mr. Moore's death where Memphis Police officers used deadly force.  Plaintiffs plead that Armstrong was aware of a code of silence in

---

[2] Armstrong's argument on this point is not entirely clear.  Armstrong mentions a constitutional right to familial association and cites paragraph 79 of the Complaint where Plaintiffs allege that "they had a constitutional right to the society and companionship of their father."  Compl. ¶ 79.

[3] Armstrong also seeks the dismissal of Plaintiffs' Tennessee Governmental Tort Liability Act claims.  The Court has since remanded the TGTLA claims to Tennessee state court.  The Court discusses its order of remand further below.

the department and that he took no action to break the code. Armstrong failed to supervise or fire the officers after they were involved in previous incidents. Plaintiffs contend then that their Complaint states a claim against Armstrong in his individual capacity. Plaintiffs further argue that Armstrong is not entitled to qualified immunity. According to Plaintiffs, their pleadings show that Mr. Moore's constitutional rights were clearly established at the time of his death and that Armstrong acted with deliberate indifference in failing to take corrective action within MPD in response to a pattern of similar instances of excessive force. With respect to the negligence claim against Armstrong, Plaintiffs respond that assuming the Court decides not to remand the claim, the special duty exception to the public duty doctrine should apply. Plaintiffs have alleged that Armstrong acted recklessly, one of the criteria for applying the exception. Finally, Plaintiffs concede their claims against Armstrong in his individual capacity for violations of the Tennessee Constitution.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party.[4] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[5] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to

---

[4] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[5] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

4

all material elements of the claim."[6]  Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7]  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[8]  In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[9]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

## ANALYSIS

**I. Section 1983 Individual Capacity Claim Against Armstrong**

The first issue presented is whether Plaintiffs have stated a §1983 claim against Defendant Armstrong in his individual capacity for the use of excessive force against Mr. Moore in violation of his constitutional rights.[11]  To state a claim for the deprivation of a constitutional right under 42

---

[6] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[9] *Twombly*, 550 U.S. at 555, 570.

[10] *Iqbal,* 556 U.S. at 678.

[11] The Court addresses the reasons why the Fourth Amendment governs Plaintiffs' § 1983 claims in a separate order on Defendant City of Memphis's Rule 12(b)(6) motion.

U.S.C. § 1983, a plaintiff must allege (1) that the defendant acted under color of state law and (2) that the defendant's conduct deprived the plaintiff of rights secured by the Constitution.[12] Supervisory personnel may not be held liable under § 1983 merely on the basis of respondeat superior[13] or because they have the right to control employees.[14] In order to establish the supervisor's liability, a plaintiff must show "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."[15] With specific reference to the use of excessive force, a plaintiff must show that the supervisor was "personally involved."[16] At the very least, the plaintiff must prove "that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."[17]

The Court holds that the Complaint fails to state a § 1983 claim against Armstrong in his individual capacity. There is no allegation that Armstrong was personally, actively involved in the shooting death of Mr. Moore. The Complaint does not allege that Armstrong directed the investigation, made the decision to serve the warrant, accompanied the officers to Mr. Moore's home, or participated in the alleged raid. Without this kind of conduct, Plaintiffs have failed to

---

[12] *Fritz v. Charter Tp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

[13] *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006).

[14] *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005).

[15] *Id.*; *see also Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) ("[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it.").

[16] *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013).

[17] *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 634–35 (6th Cir. 2013).

allege an individual capacity claim against Armstrong. In response to the Motion to Dismiss, Plaintiffs argue that their allegations plausibly show that Armstrong "implicitly authorized, approved or knowingly acquiesced" in the violation of Mr. Moore's rights. To support this argument, Plaintiffs allege that Armstrong was aware of general problems within MPD and acquiesced in the use of excessive force in other cases by failing to discipline officers who improperly used excessive force. Plaintiffs further allege that Armstrong encouraged the use of excessive force by failing to train, supervise, and control officers in the department.

Plaintiffs' argument on this point is unconvincing. These pleadings only show that Armstrong played "a passive role in the alleged violation or showed tacit approval" for the same type of conduct in other unrelated cases.[18] In other words, Armstrong was aware of general problems within MPD and simply failed to act, allegations which will not support a § 1983 claim against a supervisor in his individual capacity.[19] Viewing the allegations of the Complaint in a light most favorable to Plaintiffs, the pleadings fail to allege facts which suggest "a causal connection between [Armstrong's] acts and omissions and the alleged constitutional injuries" against Mr. Moore.[20] The Complaint does, however, contain precisely the kind of allegations that support a claim against Armstrong in his official capacity as a policymaker for MPD. In fact, the Sixth Circuit has held that an individual capacity claim of the kind Plaintiffs allege against Armstrong, for example the failure to train officers, "improperly conflates a § 1983 claim of individual supervisory liability with one

---

[18] *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999).

[19] *Bass*, 167 F.3d at 1048.

[20] *Campbell v. City of Springboro, Ohio*, 700 F.3d 779, 790 (6th Cir. 2012).

of municipal liability."[21]

Likewise, Plaintiffs' allegations that Armstrong failed to investigate or take disciplinary action against the officers who were personally involved in the raid will not support a claim against Armstrong in his individual capacity. The Sixth Circuit has held that "even an inadequate investigation is still insufficient to trigger liability because a supervisory liability claim cannot be based on simple negligence."[22] What is more a failure to investigate after the violation has already occurred has no bearing on the alleged violation of a plaintiff's rights.[23] Without allegations that Armstrong personally gave his implicit authorization, approved, or knowingly acquiesced in the incident involving Mr. Moore and that Armstrong's actions resulted in the deprivation of Mr. Moore's rights, Plaintiffs cannot hold Armstrong liable in his individual capacity.[24] Therefore, Defendant's Motion to Dismiss the § 1983 claim against him in his individual capacity is **GRANTED**. Because the Court holds that the Complaint fails to state a § 1983 claim against Armstrong in his individual capacity, the Court need not reach Armstrong's qualified immunity argument.

---

[21] *Harvey v. Campbell Cnty., Tenn.*, 453 F. App'x 557, 563 (6th Cir. 2011) ("To the extent plaintiffs have adduced evidence supporting findings that McClellan or Scott was a County policymaker on matters of training and was so deliberately indifferent to the need for more comprehensive training as to render the training deficiency a matter of *de facto* County policy, he would be liable, if at all, in his *official* capacity, i.e., rendering the County liable.").

[22] *Frodge v. City of Newport*, 501 F. App'x 519, 532-33 (6th Cir. 2012) (citing *Leach v. Shelby Cnty. Sheriff,* 891 F.2d 1241, 1246 (6th Cir. 1989)).

[23] *Id.* at 533.

[24] *Id.* at 564 (holding without allegations of two supervisors' personal involvement, the supervisors "can only be held liable in their official capacities and the action against them is properly deemed to be against the [local government itself]").

**II. Plaintiff's Tennessee Constitutional Claim and TGTLA Claim Against Armstrong**

In their briefing on Defendant's Motion to Dismiss, Plaintiffs have conceded their claim against Defendant Armstrong for alleged violations of the Tennessee Constitution. As such, the Court holds that the Complaint fails to state the claim. Therefore, Defendant's Motion to Dismiss is **GRANTED** as to this claim.

The parties have also argued the merits of the pleadings with respect to Plaintiffs' TGTLA claims, including their negligence claim against Armstrong, and his possible immunity under the GTLA and the public duty doctrine. The Court finds it unnecessary to reach these arguments. On May 13, 2014, the Court declined to exercise supplemental jurisdiction over Plaintiffs' TGTLA claims and granted Plaintiffs' motion to remand the claims to Tennessee state court. Therefore, Defendant Armstrong's Motion to Dismiss the TGTLA claims against him is **DENIED as moot**.

## CONCLUSION

Defendant's Motion to Dismiss the § 1983 claim against him in his individual capacity as well as the claim for violations of the Tennessee Constitution is **GRANTED**. Defendant's Motion to Dismiss the TGTLA claims against him is **DENIED** as moot in light of the Court's remand order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 1, 2014.