IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| RONALD MOORE as son, next of kin and Administrator Ad Litem/Personal Representative of the Estate of DONALD MOORE, SR., Deceased; GINA WALDROP as daughter and next of kin of DONALD MOORE, SR., Deceased; and DONALD MOORE, JR. as son and next of kin of DONALD MOORE, SR., Deceased,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF MEMPHIS, TONEY ARMSTRONG, Individually and in his official capacity as the Police Director of the Memphis Police Department; OFFICER PHILLIP PENNY (#), Individually and in his official capacity as a Police Officer with the Memphis Police Department; MAJOR CHARLES MORRIS, Individually and in his official capacity as a TACT Unit Commander of the Memphis Police Department,<br><br>      Defendants. | No. 14-2089-STA-cgc |

---

**ORDER GRANTING IN PART, DENYING IN PART DEFENDANT CITY OF MEMPHIS'S MOTION TO DISMISS**

---

Before the Court is Defendant City of Memphis's Motion to Dismiss (ECF No. 16) filed on March 12, 2014. Plaintiffs have filed a response in opposition to Defendant's Motion (ECF No. 31),

1

and Defendant has filed a reply (ECF No. 36). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED in part, DENIED as moot in part**.

## BACKGROUND

On January 3, 2014, Plaintiffs filed suit in Shelby County, Tennessee Circuit Court, alleging claims against Defendants for the violation of Donald Moore, Sr.'s civil rights under 42 U.S.C. § 1983 and the Tennessee Govermental Tort Liability Act ("TGLTA"). According to the Complaint, Memphis TACT squad officers served a search warrant at Mr. Moore's home on January 11, 2013. The warrant was issued in response to complaints made to the Memphis Animal Shelter about the treatment of Mr. Moore's rabbits and cats. Plaintiffs allege that Memphis police officers used flash bangs and forced entry into Mr. Moore's home. The officers pursued Mr. Moore into a bedroom, where he had retreated and attempted to call 911. One of the officers, Defendant Phillip Penny, shot Mr. Moore multiple times at close range and killed him. (Compl. ¶ 9.)

In its Motion to Dismiss, the City of Memphis argues that Plaintiffs have failed to state a number of their claims. The Complaint fails to state any claim against Defendants Armstrong, Penny, or Morris in their official capacities. The City of Memphis is the real party in interest as to the official capacity claims because the official capacity claims against the officers are in essence claims against the City of Memphis. As such, the Court should dismiss the official capacity claims against these officers. The City further argues that the Complaint fails to state a claim under the Tennessee Governmental Tort Liability Act ("TGTLA") or the Tennessee Constitution or any claim for punitive damages against the City of Memphis. Finally, the City of Memphis contends that the Fourth Amendment governs Plaintiff's excessive forces claims. To the extent that the Complaint includes a claim for the violation of Mr. Moore's Fourteenth Amendment rights, the pleadings fail

to state a claim. Therefore, the City of Memphis seeks the partial dismissal of the Complaint.

In their response in partial opposition, Plaintiffs concede their official capacity claims against Defendants Armstrong, Penny, and Morris as well as their claim for violation of the Tennessee Constitution and demand for punitive damages against the City of Memphis. Plaintiffs stand their ground on the merits of their TGTLA claims and their Fourteenth Amendment claims. Plaintiffs explain that they allege a violation of the Fourteenth Amendment as an alternative claim to their Fourth Amendment theory. Plaintiffs argue that the proof in this case may develop to support a Fourteenth Amendment claim and that the City of Memphis may later argue for the dismissal of their Fourth Amendment claim. As a result, the Fourteenth Amendment claim should survive a motion to dismiss.

The City of Memphis has filed a reply and argues that it is entitled to the dismissal of the official capacity claims, the demand for punitive damages, and any claim under the Tennessee Constitution. The City restates many of its arguments concerning the TGTLA and Fourteenth Amendment claims, again asserting that the Complaint fails to state these claims.

**STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party.[1] However, legal

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3] Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[5] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

## ANALYSIS

### I. Plaintiff's Conceded Claims and the Remand of the TGTLA Claims

As an initial matter, Plaintiffs have conceded certain claims in their response to Defendant's Rule 12(b)(6) Motion. Plaintiffs admit that their claims against Defendants Armstrong, Penny, and

---

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[6] *Twombly*, 550 U.S. at 555, 570.

[7] *Iqbal,* 556 U.S. at 678.

4

Morris in their official capacities are in their essence claims against the City of Memphis. Plaintiffs further admit that their claims under the Tennessee Constitution and their request for punitive damages against the City of Memphis are not good at law. Based on the parties' briefs and Plaintiff's clear concessions on these issues, the Court holds that the Complaint fails to state these claims. Therefore, Defendant's Motion to Dismiss is **GRANTED** as to these claims.

The parties have also argued the merits of the pleadings with respect to Plaintiffs' TGTLA claims. The Court finds it unnecessary to reach these arguments. On May 13, 2014, the Court declined to exercise supplemental jurisdiction over Plaintiffs' TGTLA claims and granted Plaintiffs' motion to remand the claims to Tennessee state court. Therefore, the City of Memphis's Motion to Dismiss the TGTLA claims is **DENIED as moot**.

## II. Excessive Force Claim Under the Fourteenth Amendment

The issue remaining is whether Plaintiffs have stated a §1983 claim for the use of excessive force in violation of Mr. Moore's Fourteenth Amendment rights. To state a claim for the deprivation of a constitutional right under 42 U.S.C. § 1983, a plaintiff must allege (1) that the defendant acted under color of state law and (2) that the defendant's conduct deprived the plaintiff of rights secured by the Constitution.[8] Section 1983 itself does not confer substantive rights but serves as a means to vindicate rights already conferred by the Constitution or laws of the United States.[9] The Sixth Circuit has recognized that a claim concerning a police officer's use of excessive force can fall under

---

[8] *Fritz v. Charter Tp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

[9] *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)).

5

the Fourth, the Eighth, or the Fourteenth Amendments.[10] A plaintiff's status at the time of the police conduct determines which amendment governs the excessive force claim.[11] The Fourth Amendment's guarantee against unreasonable searches and seizures applies to excessive force claims brought by free citizens;[12] the Eighth Amendment's protection from cruel and unusual punishment applies to excessive force claims alleged by convicted persons;[13] and the Fourteenth Amendment's Due Process Clause applies to excessive force claims "[w]hen a citizen does not fall clearly within either category—e.g., pretrial detainees."[14]

Applying these principles to the allegations in this case, the Court holds that Plaintiffs have failed to plead a § 1983 claim for the violation of Mr. Moore's Fourteenth Amendment rights. The Complaint alleges that Defendants violated Mr. Moore's rights in the course of serving a search warrant for his home.[15] It is well-settled that the "Fourth Amendment prohibits the use of excessive force by arresting and investigating officers"[16] and that the "use of excessive force in the execution of a search warrant constitutes a Fourth Amendment violation."[17] To the extent that the fact

---

[10] *Id.*

[11] *Lanman v. Hinson,* 529 F.3d 673, 680–81 (6th Cir. 2008).

[12] *Burgess*, 735 F.3d at 472 (citing *Graham*, 490 U.S. at 388).

[13] *Id.* (citing *Whitley v. Albers*, 475 U.S. 312, 318–22 (1986)).

[14] *Id.*

[15] Compl. ¶ 28 (alleging that the officers came to Mr. Moore's residence on January 11, 2013, "to serve the search warrant"); *see also id.* ¶¶ 29, 31.

[16] *Wells v. City of Dearborn Heights*, 538 F. App'x 631, 637 (6th Cir. 2013) (citing *Smoak v. Hall*, 460 F.3d 768, 783 (6th Cir. 2006).

[17] *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013) (citing *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010)).

allegations of the Complaint can be liberally construed to suggest Defendants intended to arrest Mr. Moore, "[c]laims that police officers used excessive force in the course of an arrest are analyzed under the Fourth Amendment and the 'objective reasonableness' standard."[18] In light of this authority, the Court holds that the Fourth Amendment applies to Plaintiffs' excessive force claims against Defendants during the attempt to serve the search warrant and/or carry out an arrest.

The Sixth Circuit has been clear that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process under the Fourteenth Amendment."[19] As such, the Court concludes that the Complaint fails to state a § 1983 claim for the violation of Mr. Moore's Fourteenth Amendment rights. Therefore, Defendant's Motion to Dismiss the Fourteenth Amendment claim is **GRANTED**.

## CONCLUSION

Plaintiffs concede their official capacity claims against Defendants Armstrong, Penny, and Morris and their claims under the Tennessee Constitution and demand for punitive damages against the City of Memphis. The Court has previously remanded Plaintiffs' TGTLA claims to state court. The Court holds that the Complaint fails to state a claim for the violation of Mr. Moore's Fourteenth Amendment rights. Therefore, Defendant City of Memphis's Motion to Dismiss is **GRANTED in part, DENIED as moot in part**.

---

[18] *Campbell v. City of Springboro, Ohio*, 700 F.3d 779, 786-87 (6th Cir. 2012).

[19] *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 133 (6th Cir. 2014).

**IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date: October 1, 2014.