# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| RONALD MOORE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-02089-STA-cgc |
| | ) | |
| CITY OF MEMPHIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE AS MOOT

Before the Court are Defendant City of Memphis' Motions in Limine to Exclude the Testimony of Ron McCarthy (ECF No. 87) and D.P. Van Blaricom (ECF No. 88), both filed on April 16, 2015. Plaintiffs Ronald Moore, as son, next of kin, and Administrator Ad Litem/Personal Representative of the Estate of Donald Moore, Sr., Deceased; Gina Waldrop, as daughter and next of kin of Donald Moore, Sr., Deceased; and Donald Moore, Jr., son and next of kin of Donald Moore, Sr., Deceased, have responded in opposition to both Motions (ECF Nos. 111, 114). The City of Memphis has filed a reply in support of each Motion (ECF Nos. 117, 122). Both Defendant City of Memphis and Defendant Officer Phillip Penny have also filed motions for summary judgment. Contemporaneous with the entry of this order, the Court is entering an opinion granting both Defendants judgment as a matter of law. For the reasons set forth below, the Motions in Limine are **DENIED** as moot.

## BACKGROUND

The Court has set out the full factual and procedural background of this case in its order ruling on Defendants' motions for summary judgment. As such, the Court need not review the complete history of this action here. Briefly, on January 11, 2013, Officer Penny and officers of the Memphis Police Department ("MPD") assisted in the execution of a search warrant at the home of Plaintiffs' decedent Donald Moore, Sr. During the operation, Officer Penny shot and fatally wounded Moore. Plaintiffs allege that Officer Penny used excessive force against Moore and that the City of Memphis and Officer Penny are liable for the deprivation of their father's constitutional rights pursuant to 42 U.S.C. § 1983.

In each Motion in Limine, the City of Memphis argues that Plaintiffs' opinion witnesses should be excluded under Federal Rule of Evidence 702. Specifically, Defendant challenges McCarthy's qualifications to render opinions on the trajectory of the bullets wounding Mr. Moore, to opine on Moore's mental condition, to offer what amount to legal conclusions about the objective reasonableness of Officer Penny's actions, and to provide other speculative testimony. Plaintiffs respond that McCarthy's testimony is relevant to the issue of whether MPD's planning and execution of the search warrant was constitutional. Plaintiffs further argue that McCarthy's opinions about the trajectory of the bullets wounding Moore are reliable because of McCarthy's experience in law enforcement. The Court should allow McCarthy to rely on the autopsy report and offer his own interpretation of the report's conclusions. McCarthy also has the qualifications based on his law enforcement experience to offer each of the other opinions given in his Rule 26 report.

The City of Memphis has separately moved to exclude Blaricom's opinion testimony. The City challenges Blaricom's qualifications to offer opinions on questions of law and the

2

admissibility of Blaricom's other testimony described by the City as pejorative. Just as with McCarthy, Plaintiffs respond that Blaricom's testimony is highly relevant to the issue of whether the City's conduct was constitutional. Blaricom has extensive experience in law enforcement, including 11 years as a chief of police. According to Plaintiffs, courts have admitted Blaricom's opinion testimony in cases involving police policy and practices, police use of force, and police responses to the mentally ill. Blaricom has not offered legal opinions but has used legal terminology to offer his opinion that the City's conduct fell short of the constitutional standard. Plaintiffs also note that the City's own experts use the same legal terminology in their opinion testimony. Plaintiffs maintain that Blaricom's opinions are supported in the record and will assist a jury in making its determination of the issues.

The City has filed largely identical reply briefs in support of each of its Motions in Limine. Defendant argues that each expert's testimony regarding the events leading up to the fatal shooting are irrelevant under the Sixth Circuit's segmenting analysis for excessive force claims. The Court discusses the segmenting analysis and its application to the facts in this case in its order granting Defendants' motions for summary judgment. Because the testimony about the planning of the operation and the use of dynamic entry techniques is not relevant, the City argues that the Court should exclude the testimony.

## ANALYSIS

The Court need not reach all of the merits of the City of Memphis' Motions in Limine and the parties' arguments. The Court finds it unnecessary to rule on the admissibility of the testimony of McCarthy and Blaricom because Plaintiffs have not actually relied on all of the contested opinions of these experts to oppose Defendants' motions for summary judgment. The City of Memphis seeks to exclude specific opinion testimony given by McCarthy and Blaricom

on Moore's entry wounds and the trajectory of the bullets fired by Officer Penny, Moore's mental state, and the use of legal conclusions and other legal terminology to offer opinions about Defendants' culpable conduct. But Plaintiffs have responded to Defendants' motions for summary judgment without actually relying on any of the specific testimony contested by Defendants in the Motions in Limine.

Plaintiffs' responses in opposition to Defendants' motions for summary judgment were exhaustive. In their opposition to the City of Memphis' Rule 56 motion and statement of undisputed material facts, Plaintiffs filed a 25-page memorandum of law, answered each of the City's 99 separately numbered fact contentions, and submitted 48 additional fact statements of their own. But as far as the opinion testimony of McCarthy and Blaricom, Plaintiffs' memorandum (ECF No. 125) only cites Blaricom's opinion that "dynamic entry should be the last resort, and in this case, Officer Penny 'used the last resort first'" and the opinion shared by Blaricom and McCarthy that MPD training was inadequate. Plaintiffs' response to the City's Rule 56 motion, their memorandum and all of its supporting exhibits, totaled 389 pages of which Plaintiffs cited only four pages from the transcript of Blaricom's deposition (ECF No. 125-12), one page from the transcript of McCarthy's deposition (ECF No. 125-13), and two pages of Blaricom's expert report (ECF No. 125-14). All told, Plaintiffs mention Blaricom twice and McCarthy only once in their opposition to the City's motion for summary judgment.

Plaintiffs' opposition to Officer Penny's Rule 56 motion is substantially similar, only Plaintiffs cite the opinions of McCarthy and Blaricom even less in that portion of their summary judgment briefing. Plaintiffs filed a 21-page page memorandum (ECF No. 127), responded to each of Penny's 163 statements of fact, and prepared their own statement of 34 additional facts. Plaintiffs' briefing of the undisputed facts on Penny's motion for summary judgment (ECF No.

4

127-1) does not cite any testimony from McCarthy or Blaricom. Notably, Plaintiffs never rely on the specific portions of testimony from McCarthy about the trajectory of the bullets to contest Penny's account of the fatal shooting or any opinion about Moore's mental state. Likewise, Plaintiffs' memorandum did not cite McCarthy at all and refers only once to Blaricom, restating Blaricom's opinion that "dynamic entry should be the last resort, and in this case, Officer Penny 'used the last resort first.'" And Plaintiffs attached as an exhibit (ECF No. 127-9) to their brief opposing Penny's motion for summary judgment the same two page excerpt from Blaricom's report they attached to their brief opposing the City's motion for summary judgment.

In short, Plaintiffs responded fully and comprehensively to Defendants' Rule 56 motions but did not rely on the opinion testimony of McCarthy and Blaricom contested by the City in its Motions in Limine. Federal Rule of Civil Procedure 56(c)(3) states that a "court need consider only the cited materials" when deciding a motion for summary judgment. In *Shreve v. Franklin County, Ohio*, the Sixth Circuit remarked that even where other record evidence might support an excessive force claim, under Rule 56(c)(3) a district court was not obligated to consider any evidence the plaintiff himself did not cite to oppose summary judgment and support his claim.[1] The panel majority also concluded that "[t]he dissent cannot now attempt to salvage [the excessive force] claims by providing record citations that [the plaintiff] himself failed to present to the district court."[2] Because Plaintiffs do not cite the contested opinions of McCarthy and Blaricom to oppose summary judgment, the Court need not consider the testimony under Rule 56(c)(3). And because the Court need not consider the testimony, it is unnecessary for the Court to decide whether the proof is admissible under Federal Rule of Evidence 702. As such, the

---

[1] *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014).

[2] *Id.*

5

Court finds the City's Motions in Limine to be moot. The Motions must be denied for this reason alone.

The portions of the opinion testimony Plaintiffs do rely on to oppose summary judgment concern MPD's planning for the execution of the search warrant and the MPD's TACT training generally. Plaintiffs rely on this opinion testimony to show that the the City of Memphis is liable under 42 U.S.C. § 1983 for the violation of Moore's constitutional rights. However, in deciding the motions for summary judgment, the Court never reached the issue of MPD training or the planning of the operation to execute the warrant. For the reasons explained in its order granting each Defendant judgment as a matter of law, Defendants did not violate Moore's constitutional rights in this case. The testimony of McCarthy and Blaricom about MPD training and policies and procedures is simply not relevant to the dispositive issues presented at summary judgment. The Court finds it unnecessary to address the admissibility of this testimony now.

Finally, Plaintiffs have relied on opinion testimony about the objective reasonableness of dynamic entry in this case. As the Court explained its summary judgment order, the question of whether police conduct is objectively reasonable under the totality of the circumstances is a question of law for the Court where the material facts are not in dispute. The Court has held that no genuine dispute of material fact exists as to the actual Fourth Amendment seizures in this case and that Defendants acted objectively reasonably under the totality of the circumstances. Blaricom's opinions about the reasonableness of MPD's decision to use TACT and the manner in which TACT and Officer Penny carried out the operation are the province of the Court.[3]

---

[3] *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007)) ("At the summary judgment stage . . . once we have determined the relevant set of facts and drawn all inferences in favor of the nonmoving party *to the extent supportable by the record* . . . the reasonableness of [the defendant's] actions . . . is a pure question of law.").

For all of these reasons, Defendants' Motions in Limine are **DENIED** as moot.

**IT IS SO ORDERED.**

                          **s/ S. Thomas Anderson**
                            S. THOMAS ANDERSON
                            UNITED STATES DISTRICT JUDGE

                          Date:  March 30, 2016.